United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALEJANDRO LONGORIA DELGADO,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, *et al.*,

Respondents.

Case No. 1:26-cv-04003-NW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF No. 1

Petitioner filed a Petition for Writ of Habeas Corpus (ECF No. 1) seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"), or alternatively a bond hearing. ECF No. 1 at 20. The instant petition raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Petitioner entered the United States at an unknown place and time and has been living in the United States for the last twenty-five years. *Id*. at 7. He does not allege having involvement with immigration authorities prior to his current detention. On May 31, 2025, Petitioner was detained by ICE when he was released from county jail following a charge for domestic violence. *Id*. Petitioner has remained detained since his arrest and has not been provided a bond hearing. *Id*.

Many prior orders within this district are dispositive on the issues raised in the Petition—specifically, whether Petitioner may be held without the opportunity for release on bond under § 1225(b), or if § 1226(a) controls his detention, which provides for such relief. *See, e.g.*, *Salgado v. Warden, Golden State Annex,* No. 1:26-CV-03498-NW, 2026 WL 1354728, at *3 (E.D. Cal. May 14, 2026); *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025) (collecting cases); *Gutierrez v. Chesnut*, No. 1:25-CV-1515-DAD-AC, 2025 WL 3514495, at *4 (E.D. Cal. Dec. 8, 2025); *Beltran v. Noem*, No. 25-CV-2650-LL-DEB, 2025 WL 3078837, at *7 (S.D. Cal. Nov. 4,

2025) ("Petitioners' detention, as noncitizens present in the United States without being admitted or paroled … and who were residing in the country prior to being charged, is governed by the discretionary detention provision of § 1226(a)"); *Garcia v. Noem*, No. 5:25-CV-02771-ODW-PD, 2025 WL 2986672, at *4 (C.D. Cal. Oct. 22, 2025) ("the statutory text does not support Respondents' contention that § 1225 governs where, as here, an alien is present in the United States without admission"); *Aquino v. LaRose*, No. 25-CV-2904-RSH-MMP, 2025 WL 3158676, at *2 (S.D. Cal. Nov. 12, 2025). Respondents have provided no reason to depart from prior orders finding that § 1226(a) and not § 1225(b) controls detention for individuals, like Petitioner, who have been living in the interior of the country for many years. Accordingly, the Court concurs with these prior well-reasoned orders and finds that Petitioner's detention, bond, and release are controlled by § 1226(a).

Courts have taken differing approaches when presented with the question of the appropriate remedy where an individual has been unlawfully detained under § 1225(b), and otherwise has not been previously detained by immigration authorities. Under some circumstances, courts have granted immediate release. *See, e.g.*, *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. 2025) (granting immediate release where Government denied that petitioner was detained under § 1226); *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553, at *7 (E.D. Cal. Jan. 8, 2026) (same); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *7–8 (E.D. Cal. Oct. 27, 2025) (same); *Feng v. Lyons*, No. 1:26-CV-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (refusal to provide § 1226(a) bond hearing was a due process violation that warranted release where government made no showing that Petitioner was a flight risk or danger to the public); *Molina Alberto v. Leyva*, No. 2:26-CV-01216-RFB-NJK, 2026 WL 1557266, at *4 (D. Nev. June 2, 2026) (same); *Djiwaje v. Bondi*, No. 2:26-CV-00344-RFB-MDC, 2026 WL 926753, at *3–4 (D. Nev. Apr. 6, 2026) (finding an arrest is unlawful, and release was warranted, where the Government failed to follow its own regulations under § 1226(a) in issuing a warrant before arresting petitioner). In other instances, courts have denied release but ordered that the petitioner be provided with a prompt § 1226(a) bond hearing before an Immigration Judge. *Henry A.V.L. v. Warden of the*

*Cent. Valley Annex Det. Facility*, No. 1:26-CV-03354-MWJS, 2026 WL 1391273, at *2 (E.D. Cal. May 18, 2026); *Anderson O.H.G. v. Johnson*, No. 1:26-CV-03248-MWJS, 2026 WL 1330831, at *1 (E.D. Cal. May 12, 2026); *Ixcox Chum v. Lyons*, No. 1:26-CV-02491-KES-EPG, at *1 (HC), 2026 WL 950765 (E.D. Cal. Apr. 8, 2026); *Lopez-Perez v. Johnson*, No. 1:26-CV-03083-JLT-SAB (HC), 2026 WL 1506818, at *1 (E.D. Cal. May 29, 2026).

Under the circumstances presented here, a prompt bond hearing is proper. Respondents have submitted evidence of Petitioner's criminal conviction suggesting that he may be a danger to the community if released. Respondents, however, must make this showing at a bond hearing which Petitioner is statutorily entitled to.

Accordingly, the petition for writ of habeas corpus, ECF No. 1, is GRANTED in part. Within fourteen (14) days of this order Respondents are directed to arrange a bond hearing for Petitioner before a neutral immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations at which Petitioner eligibility for bond must be considered. Petitioner shall be allowed to have counsel present, and the bond hearing may be rescheduled to a later date on Petitioner's request. Respondents are ordered to file a status report, within five days of the bond hearing, confirming that the hearing occurred and attaching or describing the immigration judge's order.

**IT IS SO ORDERED.**

Dated: July 27, 2026

Noël Wise
United States District Judge